JAMES F. McKAY III, Judge.
|, On February 11, 1998, Larry Barrois, executed a promissory note in favor of Colonial Mortgage and Loan Corporation in the amount of $83,568.88 and secured by a collateral mortgage[1] on property that Mr. Barrois owned located at 1613 and 1615 Prieur Street in New Orleans. Mr. Barrois made payments on the promissory note from February 11, 1993 until he completed paying the remaining balance on May 17, 2001. In connection with his execution of the promissory note subject of the collateral mortgage, documentary evidence indicates Mr. Barrois was to be paid $4,000.00 directly. However, this money was never paid to Mr. Barrois. Evidently, this $4,000.00 was withheld by the closing attorney for curative work which was never performed. Some two weeks after the promissory note was executed, Colonial assigned its interest in the note and mortgage to American ^General Finance, Inc. This assignment reflected that Mr. Barrois was to receive a $4,000.00 credit.
On January 17, 1997, Mr. Barrois filed suit against Colonial and American General to recover the $4,000.00 that was never dispersed plus interest. His claims were based upon Louisiana law as well as for violation of federal truth in lending laws (15 U.S.C.A. § 1601 et seq.). On May 6, 1997, Colonial filed an exception of prescription as to the truth in lending claims which the trial court maintained. On July 12, 2004, Colonial filed an exception as to Mr. Barrois’s remaining claims. This exception was not ruled upon prior to trial.
This matter proceeded to trial on April 4, 2011. Prior to trial, Mr. Barrois settled with American General. After hearing testimony from Mr. Barrois and Martin Aronovitch, a representative of Colonial, the trial court found that Colonial withheld $4,000.00 from Mr. Barrois in connection with the loan. However, the trial court held its ruling to give counsel the opportunity to brief “to what the applicable prescriptive period is on the claim for monies owed under a mortgage loan contract” as well as “the equitable compensation owed.” Following submission of post-trial memo-randa, the trial court issued a judgment on May 5, 2011, denying Colonial’s exception of prescription and awarding Mr. Barrois the sum of $4,000.00 with interest thereon calculated at the rate of 14.99 % from February 11, 1993 until May 17, 2001, subject to a credit of $909.62 paid to Mr. Barrois by American General. It is from this judgment that Colonial now appeals.
|aOn appeal, the defendant raises the following assignments of error: 1) the trial court applied the wrong prescriptive statute to Mr. Barrois’s claim and thus erred in denying Colonial’s exception of prescription; and 2) the trial court erred in award *960 ing Mr. Barrois interest at the rate of 14.99 percent from February 11,1993 until May 17, 2001.
In its first assignment of error, the defendant contends that the trial court applied the wrong prescriptive statute to Mr. Barrois’s claim. The defendant argues that the trial court should have applied the one-year prescriptive period for delictual actions provided by Civil Code Article 3492, rather than the five-year prescriptive period for actions on promissory notes provided for in Article 3498. However, there is nothing that prevents the application of Article 3498 in this case.
Louisiana Civil Code Article 3498 states: “Actions on instruments, whether negotiable or not, and on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years. This prescription commences to run from the day payment is exigible.” In the instant case, Mr. Barrois’s claims against Colonial are based upon the promissory note he executed in favor of Colonial. There is nothing in La. C.C. art. 3498 to suggest that its benefits and applications flow only one way. The parties to the promissory note each have obligations to the other party. Both parties have a duty of performance. One party receives funds from the loan, while the other receives a larger return amount as a result of payments made over time based on the terms of the note. Also, the lender must return or cancel the debt instrument once the obligation of the borrower is extinguished. As such, the prescriptive period of La. |4C.C. art. 3498 should be applicable to both the borrower and lender. Accordingly, we find no error in the trial court’s finding that Mr. Barrois’s claim against Colonial has not prescribed.
In its second assignment of error, Colonial contends that the trial court erred in awarding Mr. Barrois interest at the rate of 14.99% from February 11, 1993 until May 17, 2001. We agree. The rate of interest charged on the subject promissory note and mortgage was 13.99%. Accordingly, this was the contractual amount. It appears that the trial court inadvertently changed the rate of interest from 13.99% to 14.99%. Therefore, we amend the trial court’s award of 14.99% interest from February 11, 1993 until May 17, 2001 and award the plaintiff interest at the rate of 13.99% from February 11, 1993 until May 17, 2001.
For the above and foregoing reasons, we affirm the trial court’s finding that Mr. Barrois’s claim against Colonial has not prescribed. We amend the.trial court’s award of 14.99% interest and award Mr. Barrois interest at the rate of 13.99% from February 11, 1993 until May 17, 2001.
AFFIRMED AS AMENDED

. “A collateral mortgage is a form of conventional mortgage which developed in Louisiana’s jurisprudence through the recognition that one can pledge a note secured by a mortgage to secure another debt. The collateral mortgage is comprised of three documents. First, there is a promissory note, referred to also as a collateral mortgage note or a ne varietur note. Second, there is an act of mortgage, which secures the collateral mortgage note. Third, there is an indebtedness evidenced by a promissory note, also referred to as the hand note, for which the collateral mortgage note is pledged as security. No money is directly advanced on the collateral mortgage note which is paraphed to identify it with the act of mortgage. Instead, the collateral mortgage note and the mortgage securing it are pledged to secure a debt evidenced by the hand note.” McGill v. Thigpen, 34,386 (La.App. 2 Cir. 2/28/01), 780 So.2d 1224, 1227 citing First Guaranty Bank v. Alford, 366 So.2d 1299 (La.1978).